HARLAN v. SMITH et als.

A default admits every issuable fact stated in the complaint.
An affidavit of merits without any averment of mistake, surprise or excusable neglect, is not sufficient to warrant the setting aside a default, where personal service of summons was made.
Production of the original note and mortgage and proof of service of summons, is sufficient to justify a decree of foreclosure on default.
It is error to decree that the sheriff should execute a deed to the purchaser on the foreclosure sale, the land sold being subject to redemption in six months.
But such an error may be amended without depriving the plaintiff in foreclosure of the benefit of the decree to which he is entitled.

APPEAL from the District Court of the Third Judicial District, County of Alameda.

The plaintiff obtained a decree of foreclosure by default against Smith, as mortgagor, and other defendants as subsequent encumbrancers. The defendants, Gilmore and others, encumbrancers, moved the Court to open the default on an affidavit that they had a substantial defence to the action, but not excusing their failure to answer. The Court overruled the motion, and defendants appealed. The decree of foreclosure directs the sheriff to execute a deed of the mortgaged premises to the purchaser at the foreclosure sale. The errors assigned and the material facts appear in the opinion of the Court.

*Martin and Dwinelle* for Appellants.

*Wm. C. Pease* for Respondent.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Chief Justice MURRAY concurred.

Plaintiff instituted a suit against Smith, as mortgagor, and defendants, Gilmore, Torrey and Fargo, as subsequent encumbrancers, for the purpose of foreclosing a mortgage on certain lands in Alameda county; process was duly served on all the defendants, and no answer having been filed within the time prescribed by law, on motion of plaintiff, and on production of the original note and mortgage a decree was entered. Afterwards defendants, Gilmore, Torrey and Fargo moved that the judgment be set aside, and leave be given to file an answer, which motion being overruled, an appeal is taken.

It is contended that the complaint does not state facts sufficient to constitute a cause of action against the said defendants, because the mortgage which is set out in the complaint did not contain a sufficient

12

description of the premises to give notice of plaintiff's lien, or to vest the Court with jurisdiction over the subject. This point is not well taken. The mortgage describes the premises as the "tract of land in Santa Clara county,·known as the residence of Henry C. Smith, and which was granted to him by Horner, Beard and Pico." This defective description is cured by the complaint, which sets out the tract by metes and bounds, and avers that since the execution of the said mortgage, the county of Alameda has been formed, partly of territory before included in Santa Clara, and that the land in the mortgage mentioned, lies within the present boundaries of Alameda county, where the mortgage is duly recorded. And that defendants, Gilmore, Torrey and Fargo acquired their interest in the land, subsequent to, and with notice of plaintiff's lien. It is also contended that there was not sufficient evidence before the Court to justify the judgment. The judgment was rendered on the production of the original note and mortgage, and proof of personal service of process on each of defendants. This we apprehend is altogether sufficient.

At common law, default confessed every issuable fact stated in the declaration, and could only be set aside for objections to the declaration, which would have been good on general demurrer. Com. Dig., Pleader C., 20; Gould's Pl., 145, 506; 2 Burr., 900; 10 East., 364 This rule has not been changed by our statute. This view disposes, also, of the third objection.

The fourth is, that the Court erred in refusing to set aside the judgment on motion.

The sixty-eighth section of the Practice Act allows a Court to "relieve a party from a judgment taken against him through his mistake, inadvertance, surprise or excusable neglect, and when the summons is not personally served, may allow an answer to be filed within six months, etc. There was no sufficient ground in the affidavit to authorize the Court to set aside the judgment, under the provisions of that section. The summons was personally served, and there is, in the affidavit, no averment of mistake, surprise, or inadvertance, or any attempt to account for the failure to answer within the time allowed by law. The motion was therefore properly denied.

The fifth objection is, that the Court erred in decreeing that on the sale of the land, the sheriff should execute a deed in favor of the purchaser, and that the purchaser on the production of such deed, should be let into the possession of the property. In the case of Middleton v. Guy, decided at the October Term, 1855, this Court held that lands sold under a decree for foreclosure of mortgage, were subject to be redeemed in the same manner as lands sold under ordinary execution. So much of the decree, therefore, as directs that the sheriff execute a deed to the purchaser, and that on the production of the deed, the purchaser shall have possession of the property, is erroneous. An error of this kind is not sufficient ground for depriving the respondent of the benefit of the judgment to which he is entitled.

The judgment is reversed and the cause remanded, with instructions to the Court below to render judgment in accordance with this opinion.