## ROWE v. TABLE MOUNTAIN WATER COMPANY.

Where the summons has been duly served, a judgment by default amounts to a confession, on the part of the defendants, of all the material facts in the complaint.

A corporation may bind itself by a note and mortgage, made by its president and secretary, and signed by them in their official capacity, as such.

In a suit on a promissory note and mortgage, the Court may give a general judgment for the amount due on the note, and at the same time a decree of foreclosure of the mortgaged premises.[*]

A sheriff's return on the summons against a corporation, that he served the same on the president and secretary of the company, is *prima facie* evidence that the persons named in the return were such officers.

APPEAL from the District Court of the Fifth Judicial District, County of Calaveras.

This suit was brought against the defendants, a mining corporation, to enforce a mortgage and recover judgment on a promissory note.

The complaint alleges that defendants, a corporation, became indebted to A. B. Laforge in the sum of $10,000, and, being so indebted, then and there, in consideration thereof, by and through Robert McCall, the then president, and one Wm. H. Clary, then secretary of said corporation, for that purpose duly authorized and empowered, made and executed and drew a certain promissory note, etc. The note is then set out. It runs: "We promise to pay," etc., signed, Robert McCall, President of Table Mountain Water Company; Wm. H. Clary, Secretary of Table Mountain Water Company.

The mortgage is somewhat different in terms, but it is not material to notice the difference.

The summons was duly issued and returned "served" by the sheriff, on the seventh day of October, A. D. 1856, "on Robert McCall, Wm. H. Clary, the president and secretary of the said Table Mountain Water Company, by delivering to the said defendants, personally, in the village of Mokelumne Hill, a

---

[*] See Rollins v. Forbes and Wife, ante, 299.

copy of the said summons, attached to a certified copy of the complaint."

The defendants not appearing within the time prescribed by law, a default was entered against the corporation, and judgment for the amount due on the note, and at the same time a decree of foreclosure of the mortgaged premises. Defendants appealed.

*Robinson and Beatty*, for Appellants, filed the following assignment of errors :

1. The note and mortgage sued on are the note and mortgage of R. H. McCall and W. H. Clary, and not of the defendants.

2. The judgment is erroneous and illegal in this, that there is at the same time a general judgment and a decree of foreclosure, contrary to the provisions of the Practice Act, which restrict the plaintiff to a foreclosure, and sale and execution for the balance, if any.

3. The defendants, as a corporation, had no authority in law to execute a note or a mortgage.

4. The complaint does not show any authority conferred, or attempted to be conferred, upon McCall and Clary, to execute a mortgage on the property of the defendants.

5. That there is no proof in the record that the defendants were served with process in this case—in this, that the return of the sheriff shows that he served the summons on Robert McCall, president, and Wm. H. Clary, secretary, but no proof in the record shows that McCall was the president, or that Clary was the secretary, of the " Table Mountain Water Company."

*Latham and Sunderland* for Respondent.

The second error assigned is answered by the decision of this Court in the case of Rollins *v.* Forbes and Wife, 10 Cal. R., 299.

The third error is answered by the decision in Smith *v.* Eureka Flour Mills Co., 6 Cal., 1.

The fourth error is fully met by the failure of the company to answer the complaint, which was that the mortgage was made by the company. The complaint did not show in what way, or by what means, it was made the act of the company. If the fact had been denied, the plaintiff, on the trial, could have proved the authority of McCall and Clary.

The fifth error, that there was no proof that McCall was president, and Clary secretary of the company, is not well taken. The return of the sheriff is that service was had by serving, personally, McCall, president, and Clary, secretary. If they were not the officers of the company, application should have been made to the Court below, on affidavit, to set aside the judgment. The return is conclusive of the facts therein stated.

But if the fact stated by the sheriff as to the position of the parties served, is not a part of his return, so as to be proved by

it, then we refer the Court to the judgment itself, where it re-
cites the proof offered as follows: "And it appearing to the
Court that the summons and complaint had been personally
served on said defendants by service being had upon Robert
McCall, the president of said corporation, and upon William Cla-
ry, the secretary of said corporation," etc.

Certainly, it does not appear that the only proof offered of the
offices held by McCall and Clary, was the return of the sheriff.

If, therefore, it was necessary to prove their positions, or the
offices held by them, judgment shows such proof.

This Court would presume the proof was made. Every in-
tendment must be in favor of the judgment of the Court below.
Grewell v. Henderson, 7 Cal., 290.

The first error assigned, that the note and mortgage sued on
are the note and mortgage of McCall and Clary, is the one upon
which appellant relies. But we submit it does not cover the
question raised as to the sufficiency of the complaint, which we
(not being present) understand was relied on by counsel for
appellant, as the argument of their case. Where particular
errors are assigned, we do not understand that others can be
raised or discussed.

. Supposing the question to be raised, is the objection to the
judgment well taken? The complaint is against the Table
Mountain Water Company. It is therein averred that the note
and mortgage are theirs; that they were made by the company.

Is it not possible for a corporation to direct in what form a
note shall be made? Could not the trustees, by adopting par-
ticular by-laws, or by resolution, direct the president and secre-
tary to execute the note of the company in the form of the one
found in the complaint? Or if so executed, without such reso-
lution or by-law, could not the corporation afterwards ratify
and confirm the act? If such could be done, and such, in this
instance, had been done, would the plaintiff be obliged to inform
the Court, and defendant, in his complaint, how he expected to
prove such by-law, or resolution, or other authority, to McCall
and Clary? The defendant already knew that such authority
and direction had been given to the parties served. It would
be soon enough to inform the Court when the defendant denied
the fact by answer. Having failed to raise the issue by answer,
it is too late to say in this Court, for the first time, that the note
was not that of the company. As to the power of corporations
to ratify such act, see Lucas, Turner & Co. v. San Francisco,
7 Cal., 463; Angell and Ames on Corporations, § 240; Trott v.
Warren, 2 Fairf. R., 225. As to the liability of the corporation
on the note and mortgage, and sufficiency of the averments in
the complaint, see 13 J. R., 38; Angell and Ames on Cor.,
§ 99; 2 Kent, 291, marg. page.

A default admits every issuable fact in the complaint. Harlan

*v.* Smith, 6 Cal., 173. It is therein distinctly averred that this note and mortgage were made by the company; that the company promised to pay the money; that the company made, executed, and delivered the mortgage, through its authorized agents or officers.

Are not these issuable facts? They are the only material facts necessary to the record. The defendant has, by failing to answer, admitted them all.

BALDWIN, J., delivered the opinion of the Court—TERRY, C., J., and FIELD, J., concurring.

The first assignment of error is, that the note and mortgage are those of the persons signing—McCall and Clary—and not of the corporation. A default confesses all the material facts in the complaint. Unless it were impossible, in fact, therefore, for this note and mortgage, thus executed, to be the note and mortgage of this corporation, the objection fails. We can not see why the corporation, if it chose to do so, could not as well bind itself in this form as in any other. A party may bind himself, if such is his design, by a fictitious signature, and if he admits such to be his intention, he can not complain that he is held by it. It is expressly averred that *the corporation* made this note in this way. It is not impossible that this note was so made in this way by express authority and direction of its by-laws; indeed, it is expressly averred that the president and secretary, signing, were expressly empowered, for and on behalf of the corporation, so to act.

The second assignment is answered by the case of Rollins *v.* Forbes, (ante, 299.)

The third and fourth assignments are already answered. The complaint states, in so many words, that the note and mortgage were the acts of the corporation, and no further authority is necessary to be averred.

The last assignment questions the regularity of a judgment by default, by a service of the summons upon one McCall, as president, and Clary, as secretary, without some proof beyond the mere return, that these persons were such officers. As to this point, we have had some doubt, but as the statute expressly authorizes a service upon the corporation by serving the summons on their officers, and as the practice has been to take judgment by default upon a return of this sort, we do not feel inclined to hold it erroneous. Upon principle, we can not see that the sheriff is not as much bound to ascertain the fact, as to the persons who fill these offices, as other facts involved in a return quite as difficult of ascertainment; as, for example, the identity of property, whether it be homestead, or otherwise exempt, the ownership, the possession, boundaries, etc., etc.

SUPREME COURT—OCTOBER TERM, 1858. 445

If the sheriff should mistake in executing the process, the remedy is easy and effectual.

In the absence of any showing of this kind, we think the judgment should stand.

Judgment affirmed.