[Civ. No. 398. First Appellate District.—December 23, 1907.]

## A. J. YOUNG, Respondent, v. W. F. CLARK and E. C. CLARK, Copartners, etc., Appellants.

ACTION FOR MONEY DEPOSITED—ASSIGNMENT—GENERAL FINDING.—In an action by an assignee to recover money deposited by his assignor, where the complaint alleges the assignment, a general finding that all of the allegations of plaintiff's complaint are true is a sufficient finding of the assignment.

ID.—DEMURRER FOR UNCERTAINTY—REVIEW UPON APPEAL.—Although there is enough uncertainty in the complaint to have warranted the court in sustaining the demurrer on that ground, yet the action of the court in overruling it is not of sufficient importance to demand a reversal, after a trial upon the merits.

ID.—EFFECT OF DISCHARGE IN BANKRUPTCY—FIDUCIARY CAPACITY—DEBT OF COMMISSION MERCHANTS BARRED.—The term "fiduciary capacity" used in the Bankrupt Act of 1898, as amended in 1903, applies only to technical trusts, and not to debts due by a bank-

rupt in the character of agent, factor, commission merchant and
the like; and money deposited with a commission merchant, to
cover expenditures, a portion of which remains in his hands un-
expended, is covered by his discharge in bankruptcy, and cannot
be recovered.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Frank J. Murasky,
Judge.

The facts are stated in the opinion of the court.

Franklin P. Nutting, for Appellants.

Heller & Powers, for Respondent.

KERRIGAN, J.—The complaint alleges that at the time of
the transactions set forth defendants were commission mer-
chants, and were in the employ of La Sociedad Anonima de
Hilados y Tejides de Cantel, Lda, a corporation (plaintiff's as-
signor), as its agents; that plaintiff's assignor deposited with
its said agents certain moneys, to be paid out on its order; that
said agents expended a portion of these funds on said as-
signor's account; and that the money claimed by plaintiff is a
balance remaining in the agents' hands after such ex-
penditures had been made; which balance plaintiff alleges the
defendants refuse to pay over. Upon the issues framed by
the pleadings judgment was entered for plaintiff, from which
judgment this appeal is prosecuted.

1. Appellant claims that there is no finding on the issue of
the assignment of the claim to the plaintiff. There is no
special finding on the subject, but it is covered by the following
general finding: "That all of the allegations of plaintiff's com-
plaint and answer to the affirmative allegations of defendants'
answer and cross-complaint are true." The part of this find-
ing relating to the allegations of the answer is open to criticism
for uncertainty; but the finding is definite and certain—and
therefore sufficient—wherein it states "that all the allegations
of plaintiff's complaint . . . are true." (*Gale* v. *Bradbury,*
116 Cal. 40, [47 Pac. 778].)

Appellants' special demurrer to the complaint was over-
ruled, and that ruling is now assigned as error. We think
there is enough uncertainty in the complaint to have warranted

the court in sustaining the demurrer on that ground; but the action of the court in this regard is not of sufficient importance to demand a reversal of the judgment. (*Alexander* v. *Central L. & M. Co.*, 104 Cal. 536, [38 Pac. 410].)

3. During the trial defendants were permitted to amend their answer by pleading in bar of the action their adjudication in bankruptcy, in the United States district court; whereupon plaintiff amended his pleadings by alleging that his cause of action was to recover moneys held in trust by defendants for plaintiff's assignor, which would not be released by a discharge in bankruptcy, and that said district court had granted permission to plaintiff to continue the prosecution of this action. The court found these allegations to be true, and a judgment was accordingly entered.

Appellants contend that the trial court reached an erroneous conclusion in holding that respondent's claim was of such a trust character that it would not be released by defendants' discharge in bankruptcy. We agree with this contention. Section 17 of the bankruptcy act of 1898, as amended in 1903, 32 Stat. 798 (U. S. Comp. Stats. Supp. 1907, p. 1026), prescribes what debts are exempt from the operation of a bankrupt's discharge. The only part of that section applicable to this case reads: "Sec. 17. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . (4) Were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity." It has been often held that the term "fiduciary capacity," as used in this subdivision of section 17, applies only to technical trusts, such as those arising from the relation of attorney, executor or guardian, and not to debts due by a bankrupt in the character of an agent, factor, commission merchant and the like. In *Re Basch*, 97 Fed. 761, it was held that a debt due by a bankrupt who, being a commission merchant, has received goods for sale upon a contract to return the same or the proceeds thereof, is not one of those described in section 17 (subdivision 4). In *Knott* v. *Putnam*, 107 Fed. 907, a broker having, upon a customer's order, bought and then sold cotton, it was held that the obligation to pay over the proceeds of such sale is a debt from which the bankrupt will be freed by his discharge.

The United States supreme court, in speaking of a factor who had wrongfully retained the money of his principal, says:

"If the act embraces such a debt, it will be difficult to limit its application. It must include all debts arising from agencies, and indeed all cases in which the law implies an obligation from the trust reposed in the debtor. Such a construction would have left but few debts on which the law could operate. In almost all the commercial transactions of the country confidence is reposed in the punctuality and integrity of the debtor, and a violation of these is, in a commercial sense, a disregard of the trust. But his is not the relation spoken of in the first section of the act. The cases enumerated, 'defalcation of a public officer,' 'executor,' 'administrator,' 'guardian,' or 'trustee,' are not cases of implied, but special trusts, and the 'other fiduciary capacity' mentioned must mean the same class of trusts. The act speaks of technical *trusts,* and not those which the law implies from the contract. A factor is not, therefore, within the act." (*Chapman* v. *Forsythe,* 2 How. (U. S.) 202.)

In *Palmer* v. *Hussey,* 119 U. S. 96, [7 Sup. Ct. Rep. 158], where the bankrupt had received certain bonds "as the agent and broker" of the plaintiff, and had converted them to his own use, the same court held that there was no such fraud in the creation of the debt, and no such trust in respect to the possession of the bonds by the defendant as to bar the operation of the discharge.

In *Upshur* v. *Briscoe,* 138 U. S. 365, [11 Sup. Ct. Rep. 313], it was held by the same court that an instrument appointing a person as an attorney to receive moneys for the benefit of another, and to pay the interest annually to such other, and at her death to pay the principal sum to her legal issue, or in default of such issue the said sum to revert to the maker of the instrument, did not create between the attorney and the beneficiary a trust in its technical sense, nor a debt of a "fiduciary character" within the meaning of the bankruptcy act, although the obligation was called a "trust," and the attorney a "trustee" in the instrument. The court says (p. 377 of 138 U. S.) that within the meaning of the exception in the bankruptcy act, the debt is not created by a person while acting in a fiduciary character, merely because it is created under circumstances in which trust or confidence is reposed in the debtor in the popular sense of these terms.

In the case of *Noble* v. *Hammond,* 129 U. S. 65, [9 Sup. Ct. Rep. 235], the record showed that the defendant was a produce

dealer, and had been requested by certain parties to collect money for them, and to keep it until it should be called for. After collecting the money, he deposited it in bank in his own name, and before he paid it over was forced into bankruptcy. The court held that the parties' claim against him was not created by the fraud of the bankrupt, or by his defalcation while acting in any fiduciary character within the meaning of the bankruptcy act; and that even if the agreement might be construed as creating a trust in some sense, it was not such a trust as comes within the provisions of the bankruptcy law.

Most of the above decisions arose under former bankruptcy acts, but section 17 of the act of 1898 is practically identical with the corresponding provisions of the earlier acts, and has received the same construction in such cases as have arisen since its enactment.    (*In re Basch*, 97 Fed. 761.)

In *Bracken* v. *Milner*, 104 Fed. 522, decided under the act of 1898, where defendant had received money from another to be loaned for that other's account, and was authorized to receive payments of the interest or principal of such loans, and remit the same to the owner, and afterward became bankrupt without having paid over the moneys, it was held by the circuit court that the defendant had not received the money in a fiduciary capacity within the meaning of the statute, but merely as an agent; and that the plaintiff's claim for the money was one from which the defendant was released by a discharge in bankruptcy.

The judgment is, therefore, modified by striking therefrom the following: From paragraph 1st thereof the words: "and plaintiff's assignor's claim therefor was not such a claim as would be released by a discharge of defendants in bankruptcy"; the words "in trust" occurring in the phrase "to be held in trust by defendants," and the word "trust" occurring in the phrase "entitled to the return of said trust moneys."

And from paragraph 2d thereof the following: "and since said assignment said defendants have been and now are holding said sum and interest thereon in trust for this plaintiff, and plaintiff's claim therefor is not such a claim as would be released by a discharge of defendants in bankruptcy."

As so modified the judgment is affirmed.

Hall, J., and Cooper, P. J., concurred.