[Civ. No. 22054. First Dist., Div. Three. July 30, 1965.]

NELLE BARNEY et al., Plaintiffs and Respondents, v. ANOR BUSWELL et al., Defendants and Appellants.

Falk, Dunn & Buxton and Robert C. Dunn for Defendants and Appellants.

Frederick L. Hilger for Plaintiffs and Respondents.

DRAPER, P. J.—Defendants are directors of an Oregon corporation which did business in California. Plaintiffs are judgment creditors of that corporation, who seek recovery from defendants individually, on the ground that they voted for and participated in an unauthorized distribution of the corporate assets.

Oregon law prohibits distribution of corporate assets to shareholders when the corporation is insolvent, or when the distribution will render it so (Ore. Rev. Stats., § 57.221 [1] [a]) and establishes joint and several liability of directors who vote for or assent to distribution contrary to that section (Ore. Rev. Stats., § 57.231 [1] [a]) without payment of "all known debts, obligations and liabilities of the cor-

poration" (§ 57.231[1][c]). Such liability may be enforced in the courts of California if the corporation does business here (Corp. Code, § 6601).

In the 1956-7 logging season, the corporation removed logs from plaintiffs' land. Defendant directors knew of these acts, and of corporate liability therefor, before December 1, 1957. Nonetheless, they later assented to and participated in the distribution of the corporate assets to themselves and the other shareholders. Each defendant received property worth more than $8,000. Plaintiffs sued the corporation for damages for trespass, and had judgment for some $10,000. Only $4,000 was paid (by a codefendant), and this action was filed.

Plaintiffs moved for summary judgment, and filed an affidavit setting out facts which would support recovery by them. Defendants' counteraffidavit asserted only that the corporation was insolvent before the distribution of its assets, and that the assets so distributed had no value to the corporation because all were about to be repossessed under conditional sales contracts which were in default. The trial court denied the motion for summary judgment. In doing so, it listed the fact issues raised by the counteraffidavit and directed that trial be limited to them. These issues, and that of knowledge of the trespass claim against the corporation, were fully tried. Plaintiffs had judgment for $7,819.26. Defendants appeal.

Defendants argue that the order limiting issues improperly restricted presentation of their case. But they made no offer of evidence outside that order, and never sought any modification of it. Even now, they point to no relevant facts they might have produced. Thus they show no prejudicial limitation as to fact issues. They do suggest that they were in some way precluded from urging issues of law. The record, however, does not support this claim. Such legal issues were determined by the trial court, and are argued here. Defendants did appeal from the order denying summary judgment, but now concede that the order is not appealable.

Defendants argue that the statute under which recovery was had is penal in nature, and therefore is to be strictly construed. The premise is correct. But strict construction does not bar recovery on facts like those presented here (*Saracco Tank & Welding Co.* v. *Platz*, 65 Cal.App.2d 306 [150 P.2d 918]).

They also urge that plaintiffs cannot assert their

present claim because their action against the corporation was not begun until after the questioned distribution. But the court found on ample evidence that the fact of the trespass and of the corporate liability therefor were known to defendants before the distribution. The Oregon statute is not limited to claims upon which action has been filed or judgment had. Rather, it extends to ''all known debts, obligations and liabilities of the corporation'' (Ore. Rev. Stats., § 57.231 [1][c]). The breadth of this language is emphasized by comparison with the predecessor statute, which made directors liable only for ''the debts of the corporation then [at time of distribution] existing'' (Ore. Comp. Laws, § 77-221). The point is without merit.

Defendants also argue that the court erred in denying motion for new trial. After this judgment, a judgment in favor of the corporation was affirmed on appeal (*Yellow Creek Logging Corp.* v. *Dare,* 216 Cal.App.2d 50 [30 Cal. Rptr. 629]). Defendants' affidavit asserted that this corporate asset had value and that new trial was necessary to establish its worth. But the judgment against Dare was established at trial of this case. There is some evidence that, entirely aside from the appeal, it was valueless. Whatever its collectibility, the judgment against Dare could not affect the result here. When the corporation distributed all its assets, it owed more than $42,000. Face value of the Dare judgment was less than $15,000. Thus even if the judgment be fully collectible, the distribution to the shareholders left the corporation insolvent, and defendants became personally liable. If the judgment is collectible, it is for defendants to make its proceeds available to its creditors. The motion for new trial was properly denied.

Appeal from order denying summary judgment dismissed. Judgment affirmed.

Salsman, J., and Devine, J., concurred.