**HEWLETT–PACKARD COMPANY, Plaintiff,**

v.

**BAUSCH & LOMB, INC., Defendant.**

**No. C–84–20642 RPA.**

United States District Court, N.D. California.

April 16, 1990.

S. Leslie Misrock, Jonathan A. Marshall, Pennie & Edmonds, New York City, James P. Kleinberg, McCutchen, Doyle, Brown & Enersen, San Jose, Cal., Hewlett–Packard Co., Colorado Springs, Colo., for plaintiff.

Laurence H. Pretty, Gary A. Clark, Pretty, Schroeder, Brueggemann & Clark, Holly E. Kendig, Mark A. Samuels, O'Melveny & Myers, Godfrey, Isaac, Isaac, Glusman & Dolin, Los Angeles, Cal., John M. Ottoboni, Anne L. Enea, Ferrari, Alvarez, Olsen & Ottoboni, San Jose, Cal., Bernard D. Bogdon, Bausch & Lomb Inc., Rochester, N.Y., for defendant.

## FURTHER FINDINGS AFTER REMAND RE AFFIRMATIVE DEFENSE OF INEQUITABLE CONDUCT AND ORDER THEREON

AGUILAR, District Judge.

## I. INTRODUCTION AND BACKGROUND

On March 18, 1988, summary judgment on the validity of United States Reissue Patent No. 31,684 (the "Yeiser reissue patent") claims 10–12 was granted in favor of plaintiff Hewlett–Packard Company ("HP"). The Court refused to rule on the enforceability of claims 1–9 at that time. A further hearing on the issue of whether claims 1–9 should be nullified for inequitable conduct in relation to the reissue application was held on April 1, 1988. At the conclusion of oral argument, the Court denied the motion for summary judgment, finding that there remained a triable issue of material fact.

The trial on the issue of inequitable conduct commenced on April 5, 1988. The Court issued its findings of fact and conclusions of law after trial on July 22, 1988. The Court's findings of fact, section IV(D) to the "Amended Order Re Affirmative Defense of Inequitable Conduct", 692 F.Supp. 1118, 1135–1146, are incorporated herein by this reference. The Court concluded that defendant Bausch & Lomb, Inc. (hereinafter "B & L") was guilty of inequitable conduct during the reissue application process and voided claims 1–9 of the Yeiser reissue patent.

On appeal to the Federal Circuit, this Court's grant of summary judgment in favor of HP on claims 10–12 was affirmed. *Hewlett–Packard Co. v. Bausch & Lomb Inc.*, 882 F.2d 1556, 1566 (Fed.Cir.1989). The Federal Circuit also affirmed this Court's legal conclusion that claims 1–9 are voidable by inequitable conduct during the reissue application process. *Id.* at 1563. However, the Federal Circuit reversed, in part, this Court's decision because the wrong legal standard was applied in determining whether B & L was guilty of inequitable conduct. *Id.* at 1562. Although the Federal Circuit agreed that the evidence supported a finding that B & L was grossly negligent, *Id.* at 1562 n. 5, it held that inequitable conduct requires a finding of an intent to mislead or deceive the Patent and Trademark Office (hereinafter "PTO") and gross negligence alone does not support an inference of intent to deceive. *Id.* at 1562. Accordingly, this case was remanded for additional findings on the issue of intent to deceive.

## II. DISCUSSION

The Court has received, read, and considered all of the papers submitted by the parties in relation to their cross-motions for additional findings. In addition, on April 6, 1990, the Court heard the oral argument of counsel. GOOD CAUSE appearing therefor, the Court HEREBY FINDS that Bausch & Lomb, through its officers, employees and/or agents, manifested and maintained an intent to deceive the Patent and Trademark Office during the Yeiser reissue application process.

In making this additional finding, the Court has considered the totality of the circumstances. *See Hewlett–Packard,* 882 F.2d at 1562. In particular, the Court relies upon the facts supporting the Court's prior conclusions that B & L's conduct amounted to a "studied ignorance" of the facts and exhibited a "reckless indifference" to the truth. The Court also bases its finding on the complete absence of evidence of good faith.

While there is no direct proof that B & L's patent attorneys intended to deceive the PTO, the facts referred to above, together with the evidence supporting the Court's finding of gross negligence, create an unmistakable inference that B & L intended to mislead the patent examiner during the Yeiser reissue application process.[1] *See Id.* ("a 'studied ignorance' of the facts and a "reckless indifference' to the truth" and a "complete absence of evidence of good faith" are circumstances that "may give rise to an inference of wrongful intent"), *citing FMC Corp. v. Hennessy Indus., Inc.,* 836 F.2d 521, 526 n. 6 (Fed.Cir. 1987). Moreover, these findings lead to the conclusion that B & L is guilty of inequitable conduct during the Yeiser reissue application process.

### III. CONCLUSION

The evidence presented during the trial of this case supports the additional finding that B & L intended to mislead or deceive the PTO. Accordingly, claims 1–9 of the Yeiser reissue patent are unenforceable due to the inequitable conduct of B & L during the reissue application process.

IT IS SO ORDERED.

---

**1.** The Court disagrees with B & L's contention that the scienter element of a fraud claim is now a requirement of all inequitable conduct claims. Furthermore, direct proof of actual knowledge of the falsity of a statement is not required to prove fraud. Witkin, *Sum. of Cal. Law,* Torts § 705 (9th Ed.); *See also* Rest.2d, Torts § 526(b)(c); Cal.Civ.Code § 1572(1) (West 1990) (Fraud includes "[t]he suggestion, as a fact, of that which is not true, by one who does not believe it to be true."); and *Yellow Creek Logging Corp. v. Dare,* 216 Cal.App.2d 50, 55, 30 Cal.Rptr. 629 (1963) ("[F]alse representations made recklessly and without regard for their truth in order to induce action by another are the equivalent of misrepresentations knowingly and intentionally uttered.").