[L. A. No. 14947. In Bank.—July 30, 1937.]

REVEL L. ENGLISH, Respondent, v. MARY W. ENGLISH, etc., Appellant.

William Ellis Lady for Appellant.

John Perry Wood for Respondent.

THE COURT.—A hearing was granted in this case after decision by the District Court of Appeal, Third Appellate

District. Upon further consideration of the cause, we are satisfied that the said court has correctly determined the same, and accordingly adopt the opinion of Mr. Justice Thompson as the opinion of this court. It reads as follows:

"This is a suit to rescind a separation contract settling property rights between the parties to this action on the ground that the agreement was procured by means of duress rendering it void. The complaint also asks for reimbursement of the sum of $2,450 which was previously paid by the plaintiff under the terms of the contract, a part of which was voluntarily paid and the balance was in satisfaction of a judgment. The material allegations of the complaint are denied. The defendant filed a cross-complaint demanding payment of other instalments amounting to the sum of $1,800 which matured subsequent to those above referred to. It is contended by the appellant that a former judgment which was previously rendered by the municipal court of Los Angeles directing the payment of certain instalments of that contract necessarily determined the validity of that instrument and therefore constitutes *res judicata* of the issues which are presented in this proceeding so as to estop the plaintiff from now asserting the invalidity of the agreement.

"The court adopted findings in this case holding that the former judgment does not constitute *res judicata;* that the contract was procured by means of coercion and duress and that it is therefore void. Judgment was rendered accordingly canceling the contract and denying the defendant the right to recover her claim under the cross-complaint for unpaid instalments which accrued later. The plaintiff's claim for reimbursement for money paid in satisfaction of previously matured instalments was also refused. The defendant's motion for a new trial was denied. From that judgment the defendant has appealed.

"The plaintiff was previously married to another woman. February 14, 1926, a decree was rendered in the jurisdiction of the Republic of Mexico purporting to divorce the plaintiff from his first wife. Assuming that this decree was valid the parties to the present action were married February 16, 1926. In an action prosecuted in the superior court of Los Angeles county by the first wife against this plaintiff a decree of divorce was rendered in her favor March 23, 1927, on the theory that the Mexican divorce was void for lack of jurisdiction. Subsequently this plaintiff brought suit in the

superior court of San Bernardino county in which a decree was rendered September 21, 1928, annulling the purported marriage between the parties to this suit on the ground that the plaintiff was not an unmarried man when the marriage ceremony was performed between these parties. On numerous occasions, prior to June 14, 1928, this defendant threatened the plaintiff with criminal prosecution for bigamy and violation of the 'Mann Act' as defined by a federal statute. These threats were prompted by the relationship which existed between them pending the determination that their marriage was void. In fear of this threatened prosecution and because of the duress thus exercised the plaintiff executed an agreement with the defendant on the last-mentioned date purporting to settle their property rights, by the terms of which he promised to pay her $200 a month until the aggregate sum of $10,000 had been paid in full satisfaction of all claims on her part. March 29, 1930, this defendant was married to another man with whom she now resides as his wife.

''April 30, 1930, this defendant brought suit in the municipal court of Los Angeles based on the separation contract which is involved in this action to recover $1,750, which was then due and unpaid according to the terms of that instrument. The contract was referred to as exhibit A and made a part of the complaint. This plaintiff was duly served with process in that action and failed to appear or answer therein. His default was duly entered and judgment was rendered against him in that suit May 3, 1930, for the sum of $1,750 and costs of suit. That judgment was received in evidence on the trial of this case in support of the defense of *res judicata*. The validity of the contract was not an issue in the municipal court case. That suit was based on obligations created by a severable contract which were separate and distinct from those which are involved in this action.

''Another suit was commenced by this defendant in the municipal court of Los Angeles July 11, 1930, to recover subsequent instalments alleged to be due and unpaid. To that complaint this plaintiff filed a cross-complaint setting up the invalidity of the contract. Upon demurrer, however, that cross-complaint and answer were held to be defective. For failure to amend his pleadings the cross-complaint was dismissed and judgment was rendered against Mr. English. The issue regarding the invalidity of the contract was thus eliminated from that suit. Neither the pleadings nor the judgment

in that case were offered in evidence upon this trial. It does not appear that the validity of the contract was ever determined by the court in any previous suit.

"The only question which is raised by the appellant in this action is whether the plaintiff is estopped from challenging the validity of the separation contract after voluntarily paying certain instalments thereof and after satisfying the municipal court judgment for certain other instalments amounting to $1,750 which was rendered against him by default on May 3, 1930. It is asserted the last-mentioned judgment is *res judicata* estopping the plaintiff from now challenging the validity of the contract for the reason that he had the opportunity of setting up that defense in the former action and failed to do so.

"We are of the opinion the municipal court judgment is not *res judicata* upon the issue of the validity of the contract, and that it does not estop the plaintiff from asserting in this action, which is founded on a different obligation under a severable contract, that the agreement was procured by means of duress and threats of criminal prosecution which renders it void. The contract is severable in character. Each instalment provided for therein constitutes a separate obligation payable at different designated dates.

"Regarding the application of the principle of *res judicata* it is said in 2 Freeman on Judgments, (5th ed.), page 1318, sections 626, 627:

" 'The doctrine of estoppel is not strictly applicable to a judgment. A judgment is not the act of a party; an estoppel is. . . . Like the statute of limitations it is a rule of rest. . . .

" 'Briefly stated, this doctrine is that an existing final judgment or decree rendered upon the merits by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties or their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction, *on the points and matters in issue and adjudicated in the first suit.* Where a right, question or fact is distinctly put in issue and directly determined by a court of competent jurisdiction in a former suit between the same parties or their privies, the former adjudication of that fact, right or question is binding on the parties or their privies in a subsequent suit, irrespective of whether the causes of action are the same.'

■ "Applying the text above quoted it is apparent that since the validity of the contract which is involved in this suit was not a direct issue in the former action and was not adjudicated therein, that judgment is not binding on the parties with respect to that issue in this suit which is founded entirely on different obligations arising under a severable contract.

"The appellant relies on the frequently announced principle declared in the case of *Elm* v. *Sacramento Suburban Fruit Lands Co.*, 217 Cal. 223 [17 Pac. (2d) 1003], that 'judgment between the same parties is conclusive, not only as to the subject-matter in controversy in the action upon which it is based, but also in all other actions involving the same question, *and upon all matters involved in issues which might have been litigated and decided in the case*'. These cases, however, are readily distinguishable from the present cause. The cases in which that doctrine is announced were either based on contracts which are not severable or the issues which were deemed to have been determined were dependent on counterclaims or rights so closely related to the original cause of action that it was contrary to public policy to permit the causes to be severed and the parties embarrassed by repeated and endless litigation. In the Elm case, for instance, the plaintiff brought an action for specific performance of a contract to convey real property, alleging that he had fully paid the contract price therefor and demanding a deed of conveyance. The defendant admitted the contract but denied that the purchase price had been fully paid, alleging that $640 still remained unpaid thereon. On the trial of that case the plaintiff offered in evidence the entire record of a former cause between the same parties regarding the same purchase price of the property pursuant to the contract. In the former case the plaintiff sought to rescind the contract for fraud, and the defendant failed to set up his counterclaim for the unpaid balance of the purchase price. In that former case the jury returned a verdict and a judgment was rendered in favor of the plaintiff for damages for fraud in the sum of $1,940. In the subsequent case the defendant contended that he did not waive his right to recover the unpaid balance of the purchase price of the land. The trial court properly held that defendant's claim for the unpaid balance of the purchase price should have been set up in the former case as an offset

to diminish the actual damages suffered by the plaintiff on account of the fraud which was held to have affected and reduced the actual consideration for which the land was purchased. On appeal from the last-mentioned judgment the Supreme Court properly held that the unpaid portion of the purchase price was a necessary part of the consideration for which the land was purchased and that the defendant was estopped from subsequently reviving that claim in another suit on the doctrine of *res judicata*. It will be observed that both of those cases involved the real value or consideration for the purchase of real property. The real issue in the case which was based on fraud being the actual market value of the land independently of the inflated value represented by the fraud and misrepresentations which induced the promise to pay the purchase price specified in the contract. Of course, the unpaid portion of the purchase price of the land was an inseparable issue in the original case as the actual value of the land and should have been pleaded as an offset in that case.

"In the present case the contract which is involved in this suit is severable. Each instalment represents a different obligation. The validity of the contract was not raised by the pleadings nor was it a direct issue in the former case. Judgment was rendered in the first case by default. Under such circumstances the parties are not estopped from raising the issue of fraud, coercion or duress in a subsequent suit upon a different obligation. It is said in 34 Corpus Juris, page 891, section 1299, in that regard:

" 'The doctrine of conclusiveness of judgments applies to a judgment by default with the same validity and force as to a judgment rendered upon a trial of issues, provided such judgment is regular and valid, and shows distinctly on what count or cause of action it was rested. *But the confession implied from the default is limited to the material issuable facts which are well pleaded in the declaration or complaint, and does not apply to issues which were not raised in the pleadings.* Nor, subject to the rule that the judgment is conclusive as to every fact necessary to uphold it, is a default judgment conclusive, in a subsequent suit on a different cause of action, against any defenses defendant may have, although the same defenses, if pleaded and proved in the former action, would have defeated plaintiff's recovery, because in the ab-

sence of a trial and hearing in the first suit, it cannot be said that such matters were adjudicated therein.'

''When a contract is severable and creates separate obligations arising at different times or under different circumstances, a suit upon certain matured obligations does not estop the parties from raising other issues in another suit between the same parties involving a different obligation when such issues were neither pleaded nor directly determined by the former judgment. (*Freeman* v. *Barnum,* 131 Cal. 386 [63 Pac. 691, 82 Am. St. Rep. 355]; *Blumenthal* v. *Maryland Casualty Co.,* 119 Cal. App. 563 [6 Pac. (2d) 965]; *Nielsen* v. *Emerson,* 121 Cal. App. 415 [9 Pac. (2d) 260].) It is said in that regard in 34 Corpus Juris, page 839, sections 1248, 1249:

'' 'As a general rule a contract to do several things at different times is divisible in its nature, so as to authorize successive actions; and a judgment recovered for a single breach of a continuing contract or covenant is no bar to a suit for a subsequent breach thereof. . . .

'' 'Where money is payable by instalments, a distinct cause of action arises upon the falling due of each instalment, and they may be recovered in successive actions, no judgment in the series of actions operating as a bar to the recovery of any instalment not due at its rendition.'

''It should be recalled that when an issue is actually and directly raised and determined in a former suit between the same parties based upon severable matured instalments of the same contract, the judgment will estop them from again raising that same issue in another suit, even though it is based on instalments which have subsequently matured. It is said in 2 Freeman on Judgments, (2d ed.), page 1649, section 774:

'' '*Where the validity of a contract is in issue,* all possible defenses then existing must be interposed or they will become *res judicata* by a judgment enforcing the contract and cannot be interposed in a subsequent action based on the same contract. *An adjudication* of the defense of fraud, made in an action on one instalment of a contract, is conclusive in another action on a second instalment of the same contract.'

''But the learned author of that text, in the volume last cited, at page 1687, section 795, makes it very clear that this rule does not apply to such severable contracts when the issue

of fraud was neither pleaded nor determined in the first action. He says:

" 'The recovery of the purchase price by the seller, either of goods or land, does not bar a subsequent action by the purchaser for damages from fraud in making the sale unless in the former action the fraud was actually put in issue and adjudicated. And a decree foreclosing a mortgage securing a purchase money note, does not prevent the maintenance of an action for damages for fraud in the sale. *A default judgment on a contract to pay royalties does not adjudicate fraud in inducing the contracts, which may therefore be urged as a defense in a subsequent action on the same contract for additional royalties.*'

"Likewise, it is said in 2 Black on Judgments, (2d ed.), page 941, section 617:

" 'So a judgment by default upon one of several notes founded upon one and the same illegal consideration, *no issue upon the fact of consideration being tendered by the complaint,* does not estop the defendant from setting up in a second action, upon another of such notes, the defense of illegality of consideration.'

"In the same section last cited it is further said:

" 'So again, a judgment in a suit for interest (as on a bond), particularly when evidenced by a distinct obligation (as a coupon), is not *res judicata* as to the principal contract, unless, in such suit, the validity of the original contract itself was adjudicated upon. . . . And the recovery of judgment for taxes provided for by an unconstitutional act, in an action in which the validity of the statute is not questioned, does not estop the successful party from alleging, in a subsequent suit between the same parties upon a different cause of action, that the act is unconstitutional.'

"Based on the preceding authorities and on principle we conclude that the default judgment which was rendered in the municipal court action based upon certain matured instalments of the separation contract, wherein the issue of fraud, coercion and duress in procuring the execution of the agreement were neither pleaded nor determined, is not *res judicata* in this proceeding and does not estop the plaintiff from maintaining this suit to cancel the contract as to all instalments which accrued subsequently thereto. The findings and judgment canceling the contract for fraud, coercion and duress, and denying the defendant the right to recover upon her

cross-complaint the unpaid instalments, are adequately supported by the evidence and the law."

The judgment is affirmed.

Rehearing denied.