[Civ. No. 23630. Second Dist., Div. Two. Aug. 4, 1959.]

JAMES MITCHELL et al., Appellants, v. ANNA M. JONES, Respondent.

Barker & Miller for Appellants.

Wade & Wade for Respondent.

FOX, P. J.—This is an appeal by plaintiffs from a judgment for defendant in an action for damages allegedly caused by acts of the defendant depriving plaintiffs' property of its lateral support. By her first affirmative defense, defendant alleged that in 1954 she commenced an action against the plaintiffs; that in her complaint she alleged that "since 1953 the real property of plaintiffs [defendants therein] . . . was adjacent to the real property of defendant [plaintiff therein] . . . ; that during the years 1953 and 1954 plaintiffs herein excavated . . . the high portion of their said real property and filled in the lower portions thereof; that in so excavating and filling, plaintiffs herein caused a dirt embankment to be erected and maintained adjacent to and partially upon the said real property of defendant herein; that the erection and maintenance of said dirt embankment changed the direction, volume and rate of the natural flow of surface waters causing said surface waters to flow at an increased and at a rapid rate upon and over the said property of defendant herein; that said surface waters carried with them great amounts of mud and debris, which mud and debris accumulated on said property of defendant herein; that said dirt embankment constituted a nuisance and caused defendant herein great annoyance, discomfort, expense and actual damage to her house, yard and furnishings." Defendant then alleged that

plaintiffs were served with process and that "on the 3d day of November, 1954, judgment and decree were duly given and made . . . in said prior proceeding in favor of defendant herein and against plaintiffs herein, ordering, adjudging and decreeing that defendant herein recover from plaintiffs herein judgment for the sum of $1455.22 . . . and that plaintiffs herein be permanently enjoined and restrained from depositing loose dirt or debris upon their property in any manner which may cause the same to fall or flow or slide upon the adjacent property of defendant herein and from placing soil and debris upon said real property of defendant herein. That said judgment and decree . . . has not been set aside, modified or reversed, but . . . remains in full force and has become a final and binding judgment and decree." Finally, with respect to this defense, defendant alleged that the allegations contained in paragraph V of the plaintiffs' complaint herein to the effect that defendant negligently excavated the westerly portion of her property, lowering it between 4 to 15 feet below the natural contour of plaintiffs' property, without leaving proper and sufficient support for the soil on plaintiffs' property, and the allegation "as a result of being deprived of its support as aforesaid" (par. VI), "would have constituted a partial or total defense to the cause of action in said prior proceeding had they been asserted and proved . . . ; that by reason thereof the plaintiffs herein are estopped and barred from alleging or proving any of the allegations contained in paragraph V of their complaint herein and the allegation 'as a result of being deprived of its support as aforesaid' . . ." The complaint and judgment in the prior proceeding were incorporated in the defendant's answer. The plaintiffs herein did not appear in the prior action and judgment was entered against them by default.

At the outset of the trial of the instant action, the trial judge personally viewed the premises involved. Thereafter, plaintiffs' first witness was sworn and gave brief testimony, whereupon defendant objected to the introduction of any further evidence upon the ground that the matter was res judicata and that plaintiffs were estopped and barred from introducing any further evidence by reason of the prior suit and judgment rendered therein. The court sustained the objection and entered judgment for defendant. The trial judge found as a fact that all of the allegations of defendant's first affirmative defense were true. The plaintiffs have appealed from the judgment.

Basically, this appeal presents a single question for determination, viz., what effect does a default judgment have on a subsequent proceeding between the same parties based on a different cause of action where the defendants in the prior action are the plaintiffs in the latter?

The doctrine of res judicata has two distinct aspects. (*Sutphin* v. *Speik*, 15 Cal.2d 195, 201-202 [99 P.2d 652, 656]; 2 Freeman on Judgments, p. 1425, § 676 (5th ed.).) ■ Primarily, it operates as a bar to the maintenance of a second suit between the same parties on the same cause of action. (*Taylor* v. *Hawkinson*, 47 Cal.2d 893, 895 [306 P.2d 797]; *Clark* v. *Lesher*, 46 Cal.2d 874, 880 [299 P.2d 865]; *Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636, 638 [134 P.2d 242].) ■ In its secondary aspect, the doctrine has a limited application to a subsequent suit between the same parties based on a different cause of action. "The prior judgment is not a complete bar, but it 'operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.' (Citation.) This aspect of the doctrine of res judicata, now commonly referred to as the doctrine of collateral estoppel, is confined to issues actually litigated." (*Clark* v. *Lesher*, *supra*; *Taylor* v. *Hawkinson*, *supra*; *Todhunter* v. *Smith*, 219 Cal. 690, 695 [28 P.2d 916].)

It is clear that the instant cause of action is not the same as the one previously litigated and, therefore, we are here concerned with the doctrine of collateral estoppel and not with res judicata in its primary sense. This being the case, the judgment obtained in the prior action is not a complete bar to the instant proceeding, but only a conclusive adjudication as to issues litigated and determined in the first action. (*Taylor* v. *Hawkinson*, *supra*, p. 896.)

When applying the collateral estoppel doctrine, it is not always an easy matter to determine what issues were litigated, "for the term 'issue' as used in this connection is difficult to define, and the pleadings and proof in each case must be carefully scrutinized to determine whether a particular issue was raised even though some legal theory, argument or 'matter' relating to the issue was not expressly mentioned or asserted." (*Clark* v. *Lesher*, *supra*, at pp. 880-881.)

Section 1911, Code of Civil Procedure, states: "That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which

was actually and necessarily included therein or necessary thereto.''

■ In *Sutphin* v. *Speik, supra,* a collateral estoppel case, the court discusses this question as follows (p. 202) : ''Next is the question, under what circumstances is a matter to be deemed decided by the prior judgment? Obviously, if it is actually raised by proper pleadings and treated as an issue in the case, it is conclusively determined by the first judgment. But the rule goes further. ■ If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. The reason for this is manifest. ■ A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable. In *Price* v. *Sixth District Agricultural Assn.,* 201 Cal. 502, 511 [258 P. 387] this court said : 'But an issue may not be thus split into pieces. If it [a particular issue] has been determined in a former action, it is binding notwithstanding the parties litigant may have omitted to urge for or against it matters which, if urged, would have produced an opposite result . . . This principle also operates to demand of a defendant that all his defenses to the cause of action urged by the plaintiff be asserted under the penalty of forever losing the right to thereafter so urge them.' ''

■ The scope of the estoppel is discussed in 2 Freeman on Judgments (§ 677, 5th ed.), pages 1429-1432, as follows : ''. . . where the causes of action involved in the two actions are different . . . the estoppel does not extend to matters which might have been litigated in the first action but is limited to those matters or issues common to both actions which were either expressly or by necessary implication adjudged in the first. . . . ■ But as to all matters expressly or necessarily adjudicated, a judgment is, of course, conclusive, regardless of the difference in the causes of action. ■ It is important to note in this connection, however, that even though the causes of action be different, if the second action involves a right, title or issue as to which the judgment in the first action is a conclusive adjudication, the estoppel so far as that right, title or issue is concerned must likewise extend to every matter

which was or might have been urged to sustain or defeat the determination actually made.''

To what extent are the above principles applicable to a default judgment?

In *O'Brien* v. *Appling,* 133 Cal.App.2d 40, 42 [283 P.2d 289], the court stated that a ''judgment by default is just as conclusive upon the issues tendered by the complaint as if rendered after answer filed and trial on allegations denied by the answer.'' In *Freeze* v. *Salot,* 122 Cal.App.2d 561, 566 [266 P.2d 140], it was held that ''[a] judgment by default is a complete adjudication of all the rights of the parties embraced in the prayer of the complaint. . . .'' (To the same effect, see *Brown* v. *Brown,* 170 Cal. 1, 5 [147 P. 1168] ; *Spurr* v. *Daniels,* 152 Cal.App.2d 867, 870 [313 P.2d 621] ; *Fitzgerald* v. *Herzer,* 78 Cal.App.2d 127, 131-132 [177 P.2d 364].) In the last cited case, the court stated at page 132 that a default judgment is res judicata ''as to all issues aptly pleaded in the complaint and defendant is estopped from denying in a subsequent action any allegations contained in the former complaint.''

In *English* v. *English,* 9 Cal.2d 358, 363-364 [70 P.2d 625, 128 A.L.R. 467], the court, quoting from Corpus Juris, page 891, section 1299 (50 C.J.S., p. 162, § 706), stated : '' 'The doctrine of conclusiveness of judgments applies to a judgment by default with the same validity and force as to a judgment rendered upon a trial of issues, provided such judgment is regular and valid, and shows distinctly on what count or cause of action it was rested. *But the confession implied from the default is limited to the material issuable facts which are well pleaded in the declaration or complaint, and does not apply to issues which were not raised in the pleadings.* Nor, subject to the rule that the judgment is conclusive as to every fact necessary to uphold it, is a default judgment conclusive, in a subsequent suit on a different cause of action, against any defenses defendant may have, although the same defenses, if pleaded and proved in the former action, would have defeated plaintiff's recovery, because in the absence of a trial and hearing in the first suit, it cannot be said that such matters were adjudicated therein.' '' (Accord, 29 Cal.Jur.2d, p. 195, § 235; see *Sutphin* v. *Speik, supra,* at pp. 202-203.)

It is our understanding, based upon the foregoing authorities, that a default judgment conclusively establishes, between the parties so far as subsequent proceedings on a different cause of action are concerned, the truth of all ma-

terial allegations contained in the complaint in the first action, and every fact necessary to uphold the default judgment; but such judgment is not conclusive as to any defense or issue which was not raised and is not necessary to uphold the judgment.

█ The default judgment which defendant herein obtained in 1954 against the plaintiffs herein conclusively established the following: (1) during the years 1953 to 1954, the plaintiffs excavated the high portion of their property and filled in the lower portion thereof causing a soil embankment to be raised adjacent to and partially upon defendant's property, and (2) the erection of the soil embankment subsequently caused mud and debris to flow from plaintiffs' property onto defendant's property to the damage of defendant in the amount of $1,455.22 (including a retaining wall).

In the instant case, plaintiffs allege that in 1953, prior to July 23, defendant negligently excavated on the western portion of her property, thereby lowering the same 4 to 15 feet below the natural contour of plaintiffs' property, leaving the property of the latter without support, and that in 1956, as a result of this deprivation of support, the easterly portion of plaintiffs' property "sank and gave way to plaintiffs' damage."

The default judgment obtained by defendant in 1954 against the present plaintiffs did not determine that she was not guilty of negligently excavating her property. This was not raised by her pleadings and a determination of this question clearly was not required to uphold the default judgment. Assuming, *arguendo*, that the question of defendant's excavation would have constituted a defense to her action, the default judgment does not preclude subsequent litigation on this issue in California for this question was not raised by the pleadings, nor was its resolution necessary to uphold the judgment. (*English* v. *English, supra*.)

It appears, therefore, that the trial court erred in holding that the former judgment worked an estoppel on the issue of defendant's negligence in the instant action.

The judgment is reversed.

Ashburn, J., and Herndon, J., concurred.