34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FIRST AMERICAN TITLE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Timothy D. NAEGELE, Defendant-Appellant.
 No. 93-55590.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy D. Naegele appeals pro se the district court's summary judgment for defendant First American Title Insurance Company ("FATIC") in FATIC's diversity action seeking damages for breach of an indemnity agreement. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo the district court's summary judgment. See First Am. Title Ins. Co. v. St. Paul Fire & Marine Ins. Co., 971 F.2d 215, 217 (9th Cir.1992) (as amended). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 4
 Naegele contends the district court erred by granting summary judgment for FATIC because FATIC failed to establish the elements necessary for an action to recover for breach of an indemnity agreement. This contention lacks merit.
 
 In California:
 
 5
 [A]n indemnitee seeking to recover on an agreement for indemnification must allege the parties' contractual relationship, the indemnitee's performance of that portion of the contract which gives rise to the indemnification claim, the facts showing a loss within the meaning of the parties' indemnification agreement, and the amount of damages sustained.
 
 
 6
 Four Star Elec., Inc. v. F & H Constr., 10 Cal.Rptr.2d 1, 2 (Cal.Ct.App.1992). Here, the record shows the following undisputed facts.
 
 
 7
 In 1984, Naegele began negotiating a construction loan from Winchester Savings Bank ("Winchester") to build a two-unit condominium on property Naegele owned in Malibu, California. The loan was to be secured by a deed of trust on the property and, as a condition of the loan, Winchester required Naegele to provide title insurance to insure the priority of Winchester's deed of trust over other encumbrances, including any mechanic's liens.
 
 
 8
 FATIC was requested to issue the title insurance policy. The policy required FATIC to defend on behalf of Winchester any mechanic's lien foreclosure actions. Thus, before issuing the policy, FATIC required Naegele to enter into an indemnification agreement. This agreement, dated October 26, 1984, required Naegele to indemnify FATIC for any losses FATIC suffered as a result of any mechanic's liens asserted against Naegele's property.
 
 
 9
 At about the same time, Winchester and Naegele opened an escrow with First American Title Company of Los Angeles ("FATCOLA"), a company underwritten by FATIC. Winchester and Naegele both submitted escrow instructions to the escrow officer pursuant to which FATCOLA, upon the completion of certain duties, was to issue the title insurance policy. Both parties specified that the policy was to insure Winchester's deed of trust as a first lien on the title to Naegele's property. On November 15, 1984, the escrow closed and FATCOLA issued the insurance policy.
 
 
 10
 In 1987, several contractors filed mechanic's lien foreclosure actions against Naegele, each asserting that their lien had priority over Winchester's deed of trust. FATIC defended the actions as required under the insurance policy and paid substantial amounts of money to settle at least two of the actions. FATIC then requested Naegele to reimburse FATIC pursuant to their indemnification agreement. Naegele refused to pay.
 
 
 11
 We agree with the district court that the undisputed facts establish the necessary elements for FATIC's claim for breach of the indemnification agreement. See Four Star Elec., 10 Cal.Rptr.2d at 2. Furthermore, the undisputed facts show that Naegele breached the indemnification agreement. Because FATIC thus was entitled to judgment as a matter of law, the district court did not err by granting summary judgment for FATIC. See Fed.R.Civ.P. 56(c).
 
 
 12
 In support of his contention that FATIC failed to establish the elements of its cause of action, Naegele argues that the indemnification agreement never was formed because FATIC failed to furnish the required consideration. He argues that (1) the indemnity agreement contemplated that the title insurance policy would issue as requested by Naegele, (2) he requested in his escrow instructions that the insurance policy was to insure that Winchester's deed of trust was first in priority, (3) the policy was issued despite evidence that construction had begun on his property, and (4) FATIC should have known that any mechanic's liens arising from that construction would have priority over Winchester's deed of trust. Naegele argues that because FATIC failed to insure that Winchester's deed of trust was first in priority, FATIC failed to issue the title insurance policy as requested by Naegele. Naegele concludes that FATIC therefore failed to furnish the consideration necessary to form the indemnification agreement.
 
 
 13
 The first problem with Naegele's argument is that the escrow holder in this case was FATCOLA, and not FATIC. Although FATCOLA is underwritten by FATIC, they are separate entities. Moreover, we reject Naegele's claim that the equities require that FATIC and FATCOLA be treated as one entity. See Smoketree-Lake Murray, Ltd. v. Mills Concrete Constr. Co., 286 Cal.Rptr. 435, 441 (Cal.Ct.App.1991) (stating that express language of indemnity agreement, not equities, control). Therefore, as FATIC was not the entity to whom Naegele's escrow instructions were directed, FATIC cannot be held responsible for any alleged failure to follow those instructions.
 
 
 14
 The more important problem with Naegele's argument is that he ignores the very purpose of title insurance. Naegele suggests in his argument that the title insurance policy was to guarantee the first priority position of Winchester's deed of trust. "[A] title insurance policy, [however,] is a contract of indemnity, not one of guarantee. The insurer does not represent that title is in any particular condition, but only agrees to indemnify to the extent the insured suffers a loss caused by defects in the title or encumbrances on the title." Karl v. Commonwealth Land Title Ins. Co., 24 Cal.Rptr.2d 912, 915 (Cal.Ct.App.1993); see generally 4 Bernard E. Witkin, Summary of California Law, Sec. 214 (9th ed. 1987); Cal.Ins.Code Secs. 12340.1-.2, .10. Indeed, the policy issued by FATIC is generally considered as covering the type of loss that occurred in this case. See generally 3 Harry D. Miller & Marvin B. Starr, California Real Estate, Secs. 7.42, .57 (2d ed. 1989) (discussing losses covered by American Land Title Association Loan Policy).
 
 
 15
 Naegele also argues that he was not required to perform under the indemnification agreement because the losses suffered by FATIC were caused by FATIC's breach of its fiduciary duties and FATIC's own negligence. This argument, however, is based entirely on the purported conduct of FATCOLA, not FATIC. As we stated above, FATIC cannot be held responsible for the alleged conduct of FATCOLA.
 
 
 16
 On appeal, Naegele filed a motion asking this court to take judicial notice of California's anti-deficiency statutes and the relevant case law. Naegele's motion, however, is more than a simple request for judicial notice because he raises an entirely new legal theory for the first time on appeal. The general rule is that we do not consider issues raised for the first time on appeal. See United States v. Patrin, 575 F.2d 708, 712 (9th Cir.1978). Although there are exceptions to this rule, we conclude that they are not applicable in this case. See id. Therefore, Naegele's motion is denied.
 
 
 17
 Both parties request costs on appeal. FATIC's request is granted; Naegele's request is denied. See Fed.R.App.P. 39(a). In addition, FATIC's request for attorneys' fees on appeal is denied on the ground FATIC failed to identify the authority under which it seeks attorneys' fees. See United States v. City & County of San Francisco, 990 F.2d 1160, 1161 (9th Cir.1993); 9th Cir.R. 28-2.3, 39-1.6.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3