**Charles Michael HARMON, Appellant,**

**v.**

**Donald KOBRIN, Appellee.**

**No. CIV. S–99–250 DFL PAN.**

United States District Court,
E.D. California,
Sacramento Division.

Dec. 10, 1999.

Helga A. White, Sacramento, CA, for Appellant.

Mark A. Serlin, Sacramento, CA, for Appellee.

## MEMORANDUM OF OPINION AND ORDER

LEVI, District Judge.

Appellant and Debtor Charles Harmon appeals an order of the bankruptcy court, granting summary judgment to Appellee and Creditor Donald Kobrin as to the non-dischargeability of a judgment debt under 11 U.S.C. § 523(a)(2). The judgment below will be affirmed.

Kobrin became involved in an ostrich investment program and lost money. Kobrin sued Harmon in the Superior Court for San Joaquin County, alleging various causes of action, including one for restitution, on the alternative bases of illegality of contract, negligent misrepresentation, and fraudulent misrepresentation. As a sanction for abusive litigation practices, the state court struck Harmon's pleadings and entered a default judgment for Kobrin. The judgment awarded restitution in the amount of $283,456 without specifying on which of the three alterna-tive bases the award rested. After Kobrin started execution proceedings, Harmon filed for bankruptcy. Kobrin thereupon commenced an adversary proceeding to have Harmon's debt declared nondis-chargeable as procured by fraud.[1] The bankruptcy court granted Kobrin's motion for summary judgment as to the nondis-chargeability of Harmon's judgment debt, holding that the state court default judgment established each of the elements of fraud, and that under California's rules of collateral estoppel, this determination was conclusive. Harmon timely appealed.

■ The full faith and credit requirement of 28 U.S.C. § 1738, "compels a bankruptcy court in a § 523(a)(2)(A) non-dischargeability proceeding to give collateral estoppel effect to a prior state court judgment." *In re Nourbakhsh,* 67 F.3d 798, 801 (9th Cir.1995). Harmon does not dispute that in determining the preclusive effect of a state court judgment—even in the context of a nondischargeability determination under § 523(a)—the law of the state that rendered the judgment is controlling. (*See* Brief of Appellant at 10, citing *Nourbakhsh,* 67 F.3d at 800.) Thus, if the state court default judgment against Harmon would be given preclusive effect by a California state court as to the elements of fraud, then the bankruptcy court was correct to deem fraud established for purposes of the nondischargeability determination.

Harmon argues that the state court judgment should not be given collateral estoppel effect as to a finding of fraud for two reasons. First, Harmon contends that the default judgment did not establish fraud within the meaning of § 523(a)(2). Second, Harmon argues that any finding of fraud was not necessary to the state court judgment, and therefore is not entitled to preclusive effect under state law. Only the second argument has substance.

---

[1] The Bankruptcy Code excepts from discharge any debt:

... for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud.

11 U.S.C. § 523(a).

Section 523(a)(2) excepts debts from discharge "to the extent obtained by false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a). To establish the debt's nondischargeability under the fraud exception, Kobrin must prove (1) that Harmon made a false representation; (2) which he knew to be false at the time; (3) that he made it with the intention of deceiving Kobrin; (4) that Kobrin justifiably relied on the representation; and (5) that as a proximate result, Kobrin sustained loss. *See In re Kirsh*, 973 F.2d 1454, 1457 (9th Cir.1992). A failure to disclose material facts, by one under a duty to disclose, constitutes a false representation under § 523(a)(2). *See Citibank v. Eashai*, 87 F.3d 1082, 1089 (9th Cir.1996) (holding, for purposes of § 523(a)(2), that one who is under a duty to disclose, "who fails to disclose to another a fact that he knows may justifiably induce the other to act or refrain from acting in a business transaction is subject to the same liability to the other as though he had represented the nonexistence of the matter . . . .")(citing Restatement (Second) of Torts § 551 (1982)).

Harmon asserts that "[t]aken together, neither the [state court] Complaint nor the Default Judgment address any actual fraud by Harmon." (Brief of Appellant at 19 (citations omitted).) This is not correct. In fact, the complaint alleges that Harmon was under a fiduciary duty to Kobrin, (Appellant's Excerpts of Record at 44:20–25), that Harmon "failed to disclose material facts with the intent to deceive KOBRIN so as to induce him to invest substantial monies and to forbear from suit," (*Id.* at 45:4–5), that Kobrin justifiably relied on Harmon's misrepresentations, and that Kobrin sustained damages as a result. (*See id.* at 45:6–13.) Thus, Kobrin's state court complaint pled all the elements of fraud.

Harmon next argues that the prior judgment is not entitled to preclusive effect under California law. In California, a prior judgment is given collateral estoppel effect if (1) the issue sought to be precluded from relitigation is identical to that decided in the former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding was final and on the merits; and (5) the party against whom preclusion is sought is the same as, or in privity with, the party to the former proceeding. *See Lucido v. Superior Court*, 51 Cal.3d 335, 341, 272 Cal.Rptr. 767, 769, 795 P.2d 1223 (1990), *cert. denied*, 500 U.S. 920, 111 S.Ct. 2021, 114 L.Ed.2d 107 (1991).

A default judgment meets the actual litigation requirement under California law and further qualifies as a final decision on the merits. *See Freeze v. Salot*, 122 Cal.App.2d 561, 566, 266 P.2d 140, 143 (1954). A default judgment "conclusively establishes, between the parties . . . the truth of all material allegations contained in the complaint in the first action, and every fact necessary to uphold the default judgment." *Mitchell v. Jones*, 172 Cal.App.2d 580, 586–87, 342 P.2d 503, 507 (1959). Further, under California law, a default judgment has precisely the same preclusive effect as a judgment after trial. *See, e.g., Freeze*, 122 Cal.App.2d at 566, 266 P.2d at 143 ("A judgment by default is a complete adjudication of all the rights of the parties embraced in the prayer of the complaint and stands on the same footing as a judgment after answer and trial with respect to issues tendered by the complaint.").

It is a close question, however, whether the default judgment as to the restitution claim, a claim resting on alternative allegations, satisfies the "necessarily decided" requirement such that the fraud allegation should now be given preclusive effect. The second cause of action in Kobrin's state court complaint sought restitution based on three alternative theories, illegality of contract, fraudulent misrepresentation, and negligent misrepresentation,

any one of which could support the state court's grant of restitution. The judgment did not specify on which theory or theories the restitution award rested. Harmon correctly notes that a judgment based on alternative grounds does not have collateral estoppel effect with respect to any of those grounds, because none of the alternative grounds is necessary to the judgment. In this respect, California collateral estoppel law follows the Restatement, which indicates that a lower court judgment on alternative grounds has no preclusive effect as to any of the grounds. *See Stout v. Pearson,* 180 Cal.App.2d 211, 216–17, 4 Cal.Rptr. 313, 317 (1960); *see also* Restatement (Second) of Judgments § 27 cmt. i (1980) ("If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone.").

■■ Kobrin counters that "[i]t has long been the law in California that if a judgment is based on alternative grounds or issues, collateral estoppel applies with respect to all such grounds or issues." (Brief of Appellee at 9.) Kobrin relies on Witkin for this proposition. The discussion in Witkin, however, is limited to a judgment on alternative grounds that is affirmed generally on appeal. *See* 7 Witkin, *California Procedure* (4th ed. 1997) Judgments § 355. The Restatement distinguishes between the two situations for collateral estoppel purposes and reasons that a judgment on alternative bases should be given collateral estoppel effect only if upheld on appeal. *Compare* Restatement (Second) of Judgments § 27 cmt. i (1980), *with id.* cmt. o.

Thus, if the judgment here were not on default it would seem to be the rule that none of the alternative bases for the restitution award would be entitled to collateral estoppel effect. It is far from clear, however, that the same rule should apply to a default judgment; there is no California

precedent directly on point. Two principles that apply to default judgments are in some tension: the principle that a default judgment has the same preclusive effect as a judgment after trial and the principle that a default judgment conclusively establishes between the parties the truth of all material allegations contained in the complaint in the first action. The tension can be resolved by analyzing the reasons for the rule that judgments on alternative grounds are not entitled to preclusive effect.

In discussing the preclusive effect of a judgment on alternative grounds, the Restatement observes that while "it might be argued that the [lower court's] judgment should be conclusive with respect to both issues,"

> There are ... persuasive reasons for analogizing the case to that of the nonessential determination .... First, a determination in the alternative may not have been as carefully or rigorously considered as it would have if it had been necessary to the result, and in that sense it has some of the characteristics of dicta. Second, and of critical importance, the losing party, although entitled to appeal from both determinations, might be dissuaded from doing so because of the likelihood that at least one of them would be upheld and the other not even reached. If he were to appeal solely for the purpose of avoiding the application of the rule of issue preclusion, then the rule might be responsible for increasing the burdens of litigation on the parties and the courts rather than lightening those burdens.

Restatement (Second) of Judgments § 27 cmt. i (1980).

None of these reasons applies to a default judgment, however. First, where the judgment is by default none of the alternative grounds have been "carefully or rigorously considered" due to the default. Even so, California law gives preclusive effect to default judgments presumably because the defaulting party has deprived

the other party of the opportunity to achieve a more considered judgment. Second, a party against whom a default judgment is entered is not entitled to an appeal on the merits. The sole avenue for relief is by motion to set aside the default and then appeal of a denial of that motion. Thus, the reasoning of the Restatement—that a losing party might not appeal because of the possibility that the appellate court would not reach all grounds or that a party would appeal solely to avoid preclusion—has no application to a default judgment.[2]

■ There are some additional considerations that favor treating a default judgment on alternative grounds differently from a fully litigated judgment. A default judgment is a sanction for failing to participate in a litigation in good faith. The collateral estoppel rules ought not to benefit the party against whom the default is entered. Yet if the issue of fraud were now to be determined in the bankruptcy court, then Kobrin would be deprived of his chosen forum for determining that issue. Further, had there been a litigated judgment in state court, there may well have been specific findings on fraud, perhaps in a special verdict, such that the restitution award may have rested on a single ground entitled to preclusive effect. In short, Harmon ought not to be in a position to transfer the fraud litigation to the bankruptcy court through the device of a default and then argue that the state court judgment lacks specificity when his own conduct was responsible in part for the generality of the judgment.

■ For these reasons, a default judgment on alternative grounds should be entitled to preclusive effect even though such a judgment after trial would not be. This is consistent with the principle that a default judgment "conclusively establishes,

between the parties ... the truth of all material allegations contained in the complaint in the first action." *Mitchell*, 172 Cal.App.2d at 586–87, 342 P.2d at 507. Accordingly, the decision of the bankruptcy court is affirmed.

IT IS SO ORDERED.

---

2. Possibly a few litigants will have a greater incentive to seek to set aside a default judgment, and then appeal, if the default judgment has preclusive effect as to alternative grounds. Given that there is already a pow-erful incentive to seek to set aside a default judgment, however, it seems unlikely that any preclusion rule concerning alternative grounds would significantly affect the number of such motions or appeals.