**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOPE FIELDS, | No. 10-17096 |
| Appellant, | D.C. No. 2:09-cv-02930-FCD |
| v. | |
| RETAILERS CREDIT ASSOCIATION, | MEMORANDUM[*] |
| Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Hope Fields appeals pro se from the district court's order affirming the

bankruptcy court's judgment concluding that her adversary proceeding brought

against Retailers Credit Association ("RCA") was barred by the doctrine of

collateral estoppel. We have jurisdiction under 28 U.S.C. §158(d). We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decisions of the bankruptcy court independently without deference to the district court's determinations. *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004). We affirm.

The bankruptcy court properly concluded that collateral estoppel precludes Fields from relitigating a debt dispute with RCA because the issue was already decided against her in a prior default judgment. *See Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir. 1995) (per curiam) (preclusive effect of a state court judgment rests upon the preclusion law of the state in which the judgment was issued); *Four Star Elec., Inc. v. F & H Constr.*, 10 Cal. Rptr. 2d 1, 3 (Ct. App. 1992) (California law provides that collateral estoppel may be applied based on a prior default judgment).

We decline to address issues raised for the first time on appeal, including Fields's contentions that, in the prior action, she was improperly served and that RCA committed extrinsic fraud. *See Fla. Partners Corp. v. Southeast Co. (In re Southeast Co.)*, 868 F.2d 335, 339-40 (9th Cir. 1989) (declining to address issue not raised before bankruptcy court).

Fields's remaining contentions are unpersuasive.

**AFFIRMED.**