**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    23-15011 |
| Plaintiff-Appellee, | D.C. No.
2:18-cr-01124-JJT-1 |
| JAMIE BERGER, AKA Jamie Howard, | |
| Claimant-Appellant, | MEMORANDUM[*] |
| v. | |
| ELISABET REHUS, | |
| Claimant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted April 4, 2024[**]
Phoenix, Arizona

Before:  CLIFTON, BYBEE, and BADE, Circuit Judges.

Appellant Jamie Berger, also known as Jamie Howard (Howard), appeals the

district court's order denying her petition for an interest in property that was seized

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pursuant to federal criminal proceedings against her husband, Robert Berger (Robert). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.    The seized property was in the form of proceeds from Robert's sale of real property in Huntington Beach, California to Ronald and Donna Caricchio, who later filed an action to quiet title to that property in state court. Robert, who had petitioned for dissolution of his marriage to Howard, sold that property in violation of a family-court order. In the ancillary forfeiture proceeding following Robert's federal fraud conviction, Howard and Robert's sister-in-law, Elisabet Rehus, both asserted a legal interest in the proceeds from the sale of the property. *See* 21 U.S.C. § 853(n); *United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007) (explaining that § 853(n) "provides the process for vindicating a third party's interests in forfeited property"). Howard alleged that she had a community property interest in the property. Rehus asserted an interest based on her receipt of the proceeds from Robert.

The district court determined that Howard did not have any interest in the property and awarded the disputed amount to Rehus. The district court concluded that, although a dissolution proceeding involving Robert and Howard was pending in state court, "prudential or other concerns, such as comity or abstention, [did not] dictate that the [district court] should withhold judgment in this matter in deference to the Orange County Family Court in the remainder of the matter before it."

2

2.      Howard does not challenge the district court's determination that she lacked a "legal right, title or interest" in the property at issue, or its underlying findings.  Instead, Howard asks us to remand to the district court with instructions to "refer the matter to the Family Court to address the violation of [its] orders and appropriate sanctions for Mr. Berger[]" or to reconsider whether principles of abstention and comity required the district court to "send the matter to the State Court for adjudication."  Although Howard filed a summary judgment motion in the ancillary forfeiture proceeding asking the district court to resolve her claim to the property at issue, she did not suggest transferring the disputed claims to state court.  Instead, she raised this argument for the first time in her response to Rehus's motion for summary judgment.  Rehus argues that Howard therefore waived any argument that this matter should be transferred to the state court.  But even if Howard's late transfer request could have resulted in waiver, Rehus forfeited that argument by failing to present it to the district court.  *See Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 655 (9th Cir. 1984) (per curiam) (stating that the "general rule is that an issue will not be considered for the first time on appeal").

3.      The district court properly determined that the state court's default judgment in the quiet title action was preclusive as to Howard's claimed interest in the property at issue.  The district court correctly applied California law to

3

determine whether Howard had a community property interest in the property and to determine the effect of the default judgment in the quiet title action. *See United States v. Nava*, 404 F.3d 1119, 1128–29 (9th Cir. 2005) ("Federal forfeiture statutes govern the disposition of property, but state law determines what rights, title or interests the various claimants possess in that property."). The district court concluded that principles of comity and abstention did not dictate that it should withhold judgment on the issue of Howard's interest in the Property. The district court reasoned there was no need to refer the issue to the family court in the pending dissolution proceeding because that court would be bound by the default judgment in the quiet title action, which had conclusively established that Howard did not have an interest in the Huntington Beach property. *See Fitzgerald v. Herzer*, 177 P.2d 364, 366 (Cal. Dist. Ct. App. 1947) (discussing the effect of a default judgment under California law). The district court correctly assessed the preclusive effect of the default judgment based on the material allegations in the quiet title action and California law that "[a] default judgment conclusively establishes, between the parties so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action, and every fact necessary to uphold the default judgment." *Four Star Elec., Inc. v. F. & H. Constr.*, 10 Cal. Rptr. 2d 1, 3 (Cal. Ct. App. 1992) (quoting *Mitchell v. Jones*, 342 P.2d 503, 507 (Cal. Dist. Ct. App.

4

1959)).

Even if the district court erred in its assessment of the preclusive effect of the default judgment, Howard has not demonstrated that principles of comity and abstention required the district court to withhold judgment.

**AFFIRMED.**