Filed 9/16/16  Kagen v. Countrywide Home Loans CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. KAGEN, | D069579 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2014-00084221-CU-OR-CTL) |
| COUNTRYWIDE HOME LOANS, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan M. Lewis, Judge.  Affirmed.

Joseph La Costa for Plaintiff and Appellant.

McGuireWoods, Leslie M. Werlin and Adam F. Summerfield for Defendant and Respondent.

Plaintiff and appellant Michael Kagen filed an action for cancellation of deed of trust and quiet title, against America's Wholesale Lender, a New York corporation (Wholesale), and others.  Kagen alleged he purchased a home by entering into two promissory notes with Wholesale, secured by corresponding deeds of trust, but that the

corporate entity of Wholesale did not exist at the time of the transactions, such that the deeds of trust and a subsequent assignment of them must be void.

Defendant and respondent Countrywide Home Loans, Inc. (Countrywide) filed a demurrer to Kagen's first amended complaint and a supporting request for judicial notice. Countrywide argued the deeds of trust and assignment are valid because, among other reasons, Wholesale was a fictitious business name under which Countrywide operated at the time the deeds of trust were executed.

The court sustained Countrywide's demurrer without leave to amend and entered a judgment of dismissal of the first amended complaint. On appeal, Kagen contends the court erred in sustaining Countrywide's demurrer by considering parol evidence in reaching its determination.[1] However, he has provided no legal basis to support his contentions, and has neglected to designate an adequate record to show error. The judicially noticeable documents in this record do not support Kagen's key allegations. For these reasons we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

For purposes of analyzing the rulings on demurrer, we take as true the allegations in the complaint. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).) In 2005, Kagen borrowed $517,500 to purchase a home. To do so, he executed two promissory notes

---

[1] Kagen's opening brief also appears to contend that the court erred by sustaining the demurrer of Countrywide's codefendant, Bayview Loan Servicing, LLC. Kagen was served a copy of the order granting Bayview's demurrer and judgment of dismissal and did not file a timely notice of appeal of it. (Cal. Rules of Court, rule 8.104.) Bayview has not appeared here and we need not address any contentions regarding Bayview's demurrer, confining our analysis to Countrywide.

secured by two corresponding deeds of trust. The deeds of trust are attached to the first amended complaint as exhibits. The first deed of trust states: " 'Lender' is [¶] AMERICA'S WHOLESALE LENDER [¶] Lender is a CORPORATION [¶] organized and existing under the laws of NEW YORK." Each deed of trust identifies Mortgage Electronic Registration Systems, Inc. (MERS) as its beneficiary and as nominee for America's Wholesale Lender. Also attached to the first amended complaint is an assignment of deed of trust executed by MERS and recorded in 2011 by the San Diego County Clerk, conveying MERS's interest as beneficiary under the first deed of trust.

Generally, Kagen alleges that no corporation named America's Wholesale Lender existed under the laws of New York at the time the promissory notes and deeds of trust were executed, that the lending instruments are void as a result, and that he owns the property subject only to an equitable mortgage from an unknown lender. He does not allege that he received a notice of default or that foreclosure is yet underway.

Both the original complaint and the first amended complaint name the main defendant as Wholesale. Bank of America, N.A. (Bank of America), doing business as Wholesale, demurred to the original complaint as the defendant. Kagen then filed his first amended complaint against Wholesale, alleging Bank of America was the loan servicer. In response to the first amended complaint, Countrywide demurred, representing it formerly did business as Wholesale. We note that Kagen's opening brief continues to refer to Bank of America, and there is no reply brief on file.

Countrywide, as the affected defendant, filed a demurrer to Kagen's first amended complaint based on numerous arguments, with a supporting request for judicial notice.

3

Countrywide chiefly argued that the lending instruments referring to "America's Wholesale Lender . . . [¶] a corporation [¶] organized and existing under the laws of New York" were valid because Wholesale was a fictitious business name used at the time by Countrywide.

Countrywide requested judicial notice of the same deeds of trust and assignment of trust deed that Kagen had attached to his first amended complaint. Countrywide also requested judicial notice of other documents, including (1) Exhibit F, a corporate entity information entry from the website of the New York Department of State, filed in March of 1969, listing Countrywide as a New York domestic business corporation; (2) Exhibit G, a fictitious business name statement recorded in March 2006 by the San Diego County Clerk, registering Wholesale as a fictitious business name for Countrywide, with February 1, 1993 stated to be its first day of business; and (3) Exhibit H, an entry from the trademark registration website of the United States Patent and Trademark Office, designating Countrywide and Bank of America as the owners of the word and service mark, America's Wholesale Lender, filed in February 1993. These documents are identified and included in the record as attachments to Countrywide's request for judicial notice. (Evid. Code, § 452, subd. (c) [governmental websites as official acts and public records], subd. (h) [facts confirmable from sources of reasonably indisputable accuracy].)

In Kagen's opposition to Countrywide's demurrer, he reiterated that Countrywide, a New York corporation, doing business as America's Wholesale Lender, was not the entity identified as lender on his deeds of trust. Instead, his deeds of trust referenced a

4

nonexistent corporation similarly named America's Wholesale Lender.  Kagen's opposition did not address any of Countrywide's other arguments. [2]

Countrywide's demurrer was sustained without leave to amend, as reflected in the judgment of dismissal.  For the record on appeal, Kagen designated the judgment of dismissal, but not any minute or formal order sustaining Countrywide's demurrer, or a ruling on Countrywide's request for judicial notice, or the reporter's transcript of the demurrer hearing.

I

*REVIEW OF JUDGMENT OF DISMISSAL AFTER DEMURRER*

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules.  'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.  [Citation.]  We also consider matters which may be judicially noticed.'  [Citation.]  Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.

---

[2]    On appeal, Kagen has not addressed Countrywide's alternative demurrer arguments (e.g., statute of limitations).  He has waived any opposition based on those defenses, and we need not discuss them here in light of other dispositive issues.

[Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank*, *supra*, 39 Cal.3d 311, 318.)

## II

### *INADEQUATE RECORD AND DEFECTIVE BRIEFING*

"On appeal, a judgment of the trial court is presumed to be correct. . . . All intendments and presumptions are made to support the judgment on matters as to which the record is silent." (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 (*Cahill*).) The plaintiff must affirmatively show error by an adequate record. (*Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 72.) Failure to provide an adequate record on an issue requires that the issue be resolved against the appellant. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.)

" 'Appellate briefs must provide argument and legal authority for the positions taken. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' [Citation.] 'We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.' " (*Cahill, supra*, 194 Cal.App.4th at p. 956.)

Kagen failed to designate an adequate record on appeal, and his opening brief is devoid of relevant citation or reasoned argument. He has not discussed the specifics of the underlying causes of action in his first amended complaint. As a result, we could treat Kagen's contentions as waived. (*Cahill, supra*, 194 Cal.App.4th at p. 956.) On de

6

novo review, however, we exercise discretion to examine the first amended complaint and determine whether the dismissal was justified.

III

*CANCELLATION OF INSTRUMENTS*

A.  Nature of Pleaded Documents

Causes of action for cancellation of instruments are maintained under Civil Code section 3412, which states, "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."  Kagen alleges that he was a party to written instruments void against him.  As to the apprehension of serious injury, Kagen only alleges the following:

> "There exists in plaintiff a reasonable apprehension that if the Trust Deed and Assignment, each of which is alleged to be void, are left outstanding, they may cause serious injury to plaintiff."

As to the deeds of trust, Kagen argues they are void because the lender identified in the deeds, Wholesale, did not exist at the time the deeds were executed.  As to the assignment of the first deed, he claims it is void under the theory MERS lacked authority to execute the assignment.  It is unclear from his briefing whether Kagen contends that MERS lacked authority as a consequence of the alleged deficiencies in the execution of the deed, or that MERS lacked authority under the terms of the deed.  He does not explain what entity he believes would be a proper party to defend this action.

7

When reviewing an order sustaining a demurrer, " '[f]acts appearing in exhibits attached to the first amended complaint . . . are accepted as true and are given precedence, to the extent they contradict the allegations.' " (*Nolte v. Cedars-Sinai Medical Center* (2015) 236 Cal.App.4th 1401, 1406.) To the extent Kagen rests his causes of action on allegations MERS lacked the authority to execute an assignment of the first deed of trust under the terms of that deed, his allegations are undermined by the language of that deed as attached to his first amended complaint. Kagen's first deed of trust states, "[t]he beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS," and as such appears proper on its face. (See *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 931, fn. 7 (*Yvanova*) [explaining role of MERS].)

To the extent Kagen argues that the assignment of the first deed of trust is void as a consequence of the deed itself being void, we examine whether the deeds were shown to be void on their face. Reviewing the judgment of dismissal de novo, it appears that the trial court could properly rely on the exhibits attached to Countrywide's request for judicial notice to determine that Wholesale existed as a fictitious business name, and thus to sustain Countrywide's demurrer. "When any ground for objection to a complaint . . . appears on the face thereof, *or from any matter of which the court is required to or may take judicial notice*, the objection on that ground may be taken by a demurrer to the

8

pleading." (Code Civ. Proc.,[3] § 430.30, subd. (a), italics added.) "Ordinarily, a demurrer tests the sufficiency of the complaint alone and not the evidence or other extrinsic matters. 'However, a complaint may be read as if it included matters judicially noticed. [Citations.] Such matters may show the complaint fails to state a cause of action though its bare allegations do not disclose the defect.' " (*Four Star Electric, Inc. v. F & H Construction* (1992) 7 Cal.App.4th 1375, 1379.) Such is the case here. "Indeed, a demurrer may be sustained where judicially noticeable facts render the pleading defective [citation], and allegations in the pleading may be disregarded if they are contrary to facts judicially noticed." (*Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 751.)

Countrywide's entity information, fictitious business name statement, and trademark record are documents for which judicial notice is appropriate. (Evid. Code, § 452, subd. (c) [judicial notice may be taken of "official acts of the legislative, executive, and judicial departments of the United States and of any state of the United States"], subd. (h) [facts confirmable from sources of reasonably indisputable accuracy]; *Friends of Shingle Springs Interchange, Inc. v. County of El Dorado* (2011) 200 Cal.App.4th 1470, 1483-1484.) Those documents in the record show that Countrywide was operating under the fictitious business name of Wholesale, as of the time the deeds of trust were executed.

---

3    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

"Use of a fictitious business name does not create a separate legal entity. As the First District Court of Appeal recently noted, ' "[t]he designation [DBA] means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business." [Citation.] The business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner.' " (*Pinkerton's, Inc. v. Superior Court* (1996) 49 Cal.App.4th 1342, 1348, italics omitted.) Countrywide provided documents showing it is a corporation organized and existing under the laws of New York. Countrywide was free to conduct business under a fictitious business name. It was not inaccurate for the deeds of trust to state, " 'Lender' is [¶] AMERICA'S WHOLESALE LENDER [¶] Lender is a CORPORATION [¶] organized and existing under the laws of NEW YORK." On this record, the trial court could correctly conclude that such a statement does not render the deeds void as Kagen alleged.

Moreover, Kagen's allegations are unduly conclusory and therefore improperly pleaded. (*Blank*, *supra*, 39 Cal.3d 311, 318.) Kagen alleged no facts that demonstrate a basis for any reasonable apprehension that if left outstanding, the deeds of trust would cause him serious injury. To the contrary, Kagen admits that he has a debt obligation, and he would therefore have an additional challenge in his pleading, to distinguish between injury caused by the maintenance of the instrument, and injury caused by the assumption of his obligations. (*Saterbak v. JPMorgan Chase Bank, N.A.* (2016)

10

245 Cal.App.4th 808, 819.)  Kagen does not show a reasonable probability this defect in the elements of his cause of action could be cured by amendment.

### B.  Manner of Construing the Pleaded Documents

Turning to the main argument on appeal, Kagen contends the trial court incorrectly considered the judicially noticeable material in violation of the parol evidence rule.  The parol evidence rule provides that "[t]erms set forth in a writing intended by the parties as a final expression of their agreement with respect to the terms included therein may not be contradicted by evidence of a prior agreement or of a contemporaneous oral agreement."  (§ 1856, subd. (a); Civ. Code, § 1625.)

"It has been held repeatedly, that it is not a violation of the parol evidence rule to prove by extrinsic evidence the identity of the parties to an agreement."  (*Maulhardt v. California Director of Public Works* (1959) 168 Cal.App.2nd 723, 735.)  Additionally, "where the validity of the agreement is the fact in dispute, [the parol evidence rule] does not exclude evidence relevant to that issue."  (§ 1856, subd. (f).)  Kagen's first amended complaint challenges the validity of his deed of trust by asserting that the identity of the parties is unknown.  The sufficiency of Kagen's allegations should be considered in terms of the deeds of trust and their transferability.  (*Yvanova*, *supra*, 62 Cal.4th at p. 927 ["The deed of trust . . . is inseparable from the note it secures, and follows it even without a separate assignment."].)

Kagen argues that the exhibits attached to Countrywide's request for judicial notice are parol evidence, and that the court erred by using those documents to interpret references in the deeds of trust to Wholesale as applicable to Countrywide's fictitious

11

business name. He simply claims Wholesale is a nonexistent corporation with an identical name. Even if we assume that it would be error for the trial court to consider parol evidence in making its determinations at this pleadings stage of the proceedings, Kagen cannot establish that was what the court did. Without an order or transcript in the record that explains the trial court's basis for its rulings on Countrywide's demurrer or request for judicial notice, this record does not show how the trial court erred in relying on the exhibits attached to Countrywide's request for judicial notice to sustain the demurrer. Any such appellate issue can be deemed waived. (*Cahill, supra*, 194 Cal.App.4th at p. 956.) In any event, it is the ruling, not the reasoning, that we review. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18-19.) The record does not show the trial court erred in resolving the case through any incorrect application of the parol evidence rule.

IV

*QUIET TITLE*

In the quiet title section of the first amended complaint, Kagen incorporates the factual allegations pleaded in his cancellation section. (§ 761.020 [quiet title elements].) Kagen further asserted "that he is the only legitimate owner of the subject property, subject to the legitimate lien interests established under the equitable mortgage which runs in favor of a lender whose identity is presently unknown to plaintiff."

If we construe these allegations as predicated on the cancellation facts, then they fail for the reasons above. If we construe these allegations as supplementing the cancellation facts, then they are merely legal conclusions. (*Blank*, *supra*, 39 Cal.3d 311,

12

318.)  We must "[read the complaint] as a whole and its parts in their context."  (*Ibid.*)

Kagen's general fictitious name theories do not support a viable quiet title theory against these defendants.

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to Respondent.


HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


O'ROURKE, J.